# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ARLINGTON INDUSTRIES, INC.,

    Plaintiff,

    v.

ELECTRONIC CUSTOM
DISTRIBUTORS, INC.,

    Defendant.

CIVIL ACTION NO. 3:10-CV-842

(JUDGE CAPUTO)

## MEMORANDUM

The defendant, Electronic Custom Distributors (ECD), moves to dismiss this action for lack of personal jurisdiction. (Doc. No. 8.) In response, Arlington Industries moves[1] for limited jurisdictional discovery. (Doc. No. 16.) The defendant does not oppose Arlington's motion. Because discovery is warranted, Arlington's motion will be granted and the motion to dismiss will be stayed pending discovery.

## I. Background

Arlington Industries, Inc. brought this action against Electronic Custom Distributors, Inc. Arlington seeks a declaratory judgment of non-infringement and invalidity of one of ECD's patents.

ECD moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and submits affidavits in support of its motion. Arlington opposes

---

[1] The motion was embedded within a brief in opposition. (*See* Doc. No. 16 at 26.) It does not comply with Local Rule 7.1, which requires that a motion contain a certification that counsel has sought concurrence. However, because the defendant responded to the motion and noted its willingness to permit discovery, the court considers the motion.

1

the motion and, in the alternative, moves for jurisdictional discovery. ECD does not object to limited discovery on the jurisdictional issue.

## II. Discussion

### A. Legal Standard

The law of the Federal Circuit, rather than the regional circuit, controls the issue of personal jurisdiction "over out-of-state patentees as declaratory judgment defendants." *Hildebrand v. Steck Mfg. Co, Inc.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002) (citing *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998)). When personal jurisdiction is challenged, the plaintiff carries the burden of showing that jurisdiction exists. *Iowa State Univ. Research Found., Inc. v. Greater Continents Inc.*, 81 F. App'x 344, 349 (Fed. Cir. 2003) (citing *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996)). In the absence of an evidentiary hearing, a plaintiff need only make a *prima facie* showing that the defendants are subject to personal jurisdiction. *Electronics For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003) (internal citations omitted).

Due process requires that an out-of-state defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1945).

Having the requisite minimum contacts with the forum state may subject the defendant to either general jurisdiction or specific jurisdiction. General jurisdiction arises when a defendant has "continuous and systematic" contacts with the forum state, even where the cause of action is unrelated to those contacts. *See Helicopteros Nacionales de*

2

*Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984).  By contrast, specific jurisdiction "arises out of" or "relates to" the cause of action when the contacts are "isolated or specific." *Burger King*, 471 U.S. at 472–73.

Because the issue of whether jurisdictional discovery should be granted is not unique to patent law, the law of the regional circuit governs.  *See Autogenomics Inc. v. Oxford Gene Tech. Ltd.*, 556 F.3d 1012, 1021-22 (Fed. Cir. 2009).  In the Third Circuit, "[i]f the plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained."  *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (modification in original) (quoting *Toys "R" Us v. Step Two, S.A.*, 318 F.3d 446, 455 (3d Cir. 2003)).

## B. Jurisdictional Discovery Is Warranted

Here, Arlington argues that there may exist sufficient contacts between ECD and Pennsylvania to support general jurisdiction.  Arlington notes that ECD has not provided information about its contacts with Pennsylvania before January 1, 2009.[2]  Arlington does not allege that any pre-2009 contact with Pennsylvania gave rise to its claim against ECD; therefore Arlington must seek pre-2009 information to establish its case for general jurisdiction.

General jurisdiction only exists if the contacts with the forum are "continuous and

---

[2] Arlington also asserts that ECD has not provided information regarding the dollar amount, volume, or frequency of such sales, or whether it sold products to Pennsylvania businesses through its website. (Doc. 16 at 6.) ECD responded by submitting evidence of the amount, value, and source of sales to businesses with a Pennsylvania billing address after January 1, 2009. (Doc. No. 19-2 at 5–6.)

3

systematic." In evaluating whether general jurisdiction exists, courts often look to the period of years prior to the date the complaint is filed. *See Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 569 (2d Cir. 1996) (noting that the Supreme Court in *Helicopteros* assessed the defendant's contacts with the forum state over a seven-year period). Because this lawsuit was filed on April 21, 2009, the court will look to the period beginning January 1, 2003 in assessing personal jurisdiction over ECD.

Although Arlington need only establish that personal jurisdiction is prima facie proper, the anemic factual record interferes with its ability to meet its burden. Jurisdictional discovery will help determine whether ECD has had requisite contacts with Pennsylvania during the relevant period such that exercising general jurisdiction is proper. The parties will be given forty-five days to conduct discovery on the issue of personal jurisdiction during the time period beginning January 1, 2003, to the date the complaint was filed. Following the close of discovery, the parties will have the opportunity to submit supplemental briefing and evidence on the issue of personal jurisdiction in accordance with the timetable set forth in the court's order.

### III. Conclusion

Because Arlington has shown that jurisdictional discovery is warranted, its motion will be granted. ECD's motion to dismiss (Doc. No. 19) will be stayed pending a forty-five day discovery period. Following the close of discovery, Arlington shall submit supplemental briefing and evidence on the issue of personal jurisdiction, addressing only those issues not previously addressed in its briefing, within ten days. Any response will be due from ECD ten days after Arlington files its brief. If Arlington fails to file supplemental briefing, the court will

consider only the parties' previous submissions in deciding the motion. An appropriate order follows.


December 20, 2010  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ARLINGTON INDUSTRIES, INC.,

    Plaintiff,

        v.

ELECTRONIC CUSTOM
DISTRIBUTORS, INC.,

    Defendant.

NO. 3:10-CV-842

(JUDGE CAPUTO)

## ORDER

**NOW**, this 20th day of December, 2010, **IT IS HEREBY ORDERED** that:

(1) Arlington's motion for jurisdictional discovery (Doc. No. 16) is **GRANTED.** Arlington will have forty-five days from the date of this order to conduct discovery.

(2) ECD's Rule 12(b)(2) motion to dismiss (Doc. No. 8) is **STAYED** pending discovery.

(3) Supplemental briefing and evidence from Arlington will be due ten days after the close of the forty-five day discovery period. ECD will have fourteen days to respond with briefing and evidence, if any. If Arlington fails to file supplemental briefing, the court will consider only the prior filings in deciding the motion.

                        /s/ A. Richard Caputo
                        A. Richard Caputo
                        United States District Judge